UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TODD MCELROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-038 |
| ) | |
| U.S. DISTRICT JUDGE ) | |
| R. STAN BAKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Todd McElroy is back again. He filed two lawsuits against Savannah Technical College in this Court in 2016. *See McElroy v. Savannah Technical College*, CV416-0046 (S.D. Ga. Feb. 8, 2016); *McElroy v. Savannah Technical College*, CV416-206 (S.D. Ga. July 20, 2016). Both of those cases were dismissed. *See* CV416-046, doc. 6 (S.D. Ga. June 20, 2016); CV416-206, doc. 7 (S.D. Ga. Oct. 26, 2016). After those dismissals he filed two additional actions in this Court based on his dissatisfaction with the outcome of those cases. *See McElroy v. U.S. District Court for the Southern District of Georgia, et al.*, CV421-196 (S.D. Ga. July 8, 2021); *McElroy v. EEOC*, CV421-232 (S.D. Ga. Aug. 17, 2021). Those cases were also dismissed. CV421-196, doc. 9 (S.D. Ga. Aug. 5,

2021); CV421-232, doc. 9 (S.D. Ga. Sept. 9, 2021). McElroy filed another action against United States District Judge William T. Moore, Jr. based on McElroy's dissatisfaction with Judge Moore's decisions in his prior cases, but nominally asserting disability discrimination. *See McElroy v. Moore*, CV422-058, doc. 1 at 4 (S.D. Ga. Mar. 11, 2022). United States District Judge R. Stan Baker dismissed that case, based upon Judge Moore's immunity. *See* CV422-058, doc. 7 (S.D. Ga. Mar. 21, 2022). Undeterred, McElroy has filed this case against both Judges Moore and Baker and the undersigned disputing the application of judicial immunity in the prior case. *See* doc. 1 at 4, 6.

McElroy has moved to pursue this case *in forma pauperis*. *See* doc. 2. McElroy discloses income in the amount of $1,628 per month in unspecified disability benefits. *See* doc. 2 at 2. He discloses $1,572 in monthly expenses. *See id.* at 4-5. He also discloses $56 in two bank accounts. *Id.* at 2. Although McElroy's income is sufficient to cover his expenses, the Court is satisfied that he lacks sufficient funds to pay the Court's filing fee. *Cf. Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (Section 1915 "is not to be construed such that potential litigants are forced to become public charges or abandon their

claims because of the filing fee requirements."). McElroy's request to proceed *in forma pauperis* is, therefore, **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Before screening McElroy's Complaint, the Court must address McElroy's motions for recusal. *See* docs. 5 & 6. McElroy's first Motion to Recuse seeks to recuse the undersigned from this case pursuant to 28 U.S.C. §§ 455 and 144. *See* doc. 5. The Motion does not include any allegations or explanation, it merely quotes the text of the statutory sections. *See id.* at 1-2. His second motion, titled "Motion for Mandatory Recusal," also seeks the undersigned's recusal citing to federal regulations applicable to administrative proceedings and the Code of Conduct for United States Judges. *See* doc. 6 (citing 29 C.F.R. § 2200.68 and Cannon 3(C) & (D) of the Code of Conduct for United States Judges). Again, the motion merely quotes the text of the regulation and ethical rule. Neither Motion is sufficient to warrant recusal.

In objecting to the undersigned's recommendation that his prior suit against Judge Moore be dismissed, McElroy sought recusal. *See* CV422-058, doc. 7 at 2. Judge Baker explained the applicable standard

for recusal under 28 U.S.C. §§ 144 and 455. *Id.* (quoting *Daker v. Allen*, 2018 WL 9987239, at *1 (S.D. Ga. Mar. 12, 2018) (Hall, C.J.). The requirements include, procedurally, the submission of an affidavit, and, substantively, allegation of "facts that would convince a reasonable person that bias actually exists." *Id.*; *see also, e.g.,* 28 U.S.C. § 144; *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012). Neither of McElroy's current motions attaches any affidavit or alleges any facts. *See generally* docs. 5 & 6. The regulation invoked in his second Motion does not apply at all. *See, e.g.,* 29 C.F.R. §§ 2200.1(b), (f); 2200.2(a) (application of the regulations to "all proceedings before the [Occupational Safety and Health Review Commission] and its Judges"); *see also* 29 U.S.C. § 652(2).

Regardless of the defects in McElroy's motions, § 455 "places a judge under a self-enforcing obligation to recuse himself where proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987) *superseded by statute on other grounds as recognized by J.W. v. Birmingham Bd. of Educ.*, 904 F.3d 1248 (11th Cir. 2018). For a judge to properly abandon his duty to hear cases pursuant to § 455(a) he must consider "whether an objective, disinterested, lay observer fully informed

4

of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal citations and quotations omitted). "Bias sufficient to disqualify a judge under section 455(a) . . . must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (internal quotation marks and citation omitted). Under this so called "extrajudicial source doctrine," "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Holt v. Givens*, 757 F. App'x 915, 919 (11th Cir. 2018). "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings," even if the judge sits in successive proceedings involving the same party. *Liteky*, 510 U.S. at 551. The undersigned's involvement in McElroy's prior cases presents no apparent basis for recusal.

The fact that the undersigned is a named defendant in this case presents the most plausible basis for recusal. However, the recusal

standard is objective. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). The Eleventh Circuit has affirmed judges' refusal to recuse where the request is predicated upon a frivolous suit filed in retaliation for a judge's rulings in a prior or related case. *See In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007). "A judge is not disqualified merely because a litigant sues or threatens to sue him." *Id.* (internal quotation marks and citations omitted). Moreover, there are important systemic interests in preventing litigants from manufacturing grounds for recusal by asserting legally frivolous claims. *See, e.g., Redford v. Duffey*, 2017 WL 4408732, at *2 (N.D. Ga. Oct. 3, 2017) ("Allowing litigants . . . to fabricate 'conflicts' by filing retaliatory lawsuits as a means of manipulating the assignment of judges to their cases would undermine, rather than enhance, public confidence in the integrity of the judicial system."); *Young v. Smith*, 2015 WL 1541686, at *3 (S.D. Ga. Mar. 31, 2015); *Henderson v. Wright*, 2012 WL 1790310, at *1 (S.D. Ga. May 15, 2012). Given the lack of any substantive allegations concerning the undersigned's bias, the fact that the undersigned is a named defendant alone, given the substantive merits of this case, is not

sufficient to require recusal.[1]  Accordingly, McElroy's motions seeking recusal are **DENIED**.  Docs. 5 & 6.

McElroy has also filed a Motion seeking appointed counsel, "under Section 706(f) of the Civil Rights Act of 1964."  Doc. 7 at 1.[2]  Title VII of the Civil Rights Act of 1964 governs discrimination in employment.  While McElroy's original cases, from 2016, involved allegations of employment discrimination, there is no plausible construction of the instant claims as alleging employment discrimination.  Section 706(f), therefore, does not appear to apply outside the employment context.

The specific statutory basis under which McElroy seeks appointment is, ultimately, moot.  Courts have discretion to appoint

---

[1] Two other facts bear on the undersigned's determination that he is not required to recuse.  First, as discussed more fully below, McElroy's claims in this case are based on his dissatisfaction with the defendants' rulings in his prior cases.  As such, they are legally frivolous.  Second, the analysis of the merits of McElroy's claims are subject to the District Judge's *de novo* review.  *See, e.g.,* 28 U.S.C. § 636(b).  To the extent that the District Judge determined that McElroy's claims were not frivolous, reconsideration of the undersigned's decision not to recuse would be appropriate.  If the District Judge determines, after *de novo* review, that McElroy's claims are frivolous, any error in the undersigned's decision not to recuse would be rendered harmless.  *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (noting the application of "the harmless error test to . . . a judge's failure to recuse him or herself," and that "there was no harm in [the judge's] failure to [recuse himself] because of the frivolousness of [plaintiff's] claims . . .").

[2] Section 706(f) of Title VII is codified at 42 U.S.C. § 2000e-5.  *See, e.g., Langston v. Lookout Mountain Cmty. Servs.*, 775 F. App'x 991, 996 (11th Cir. 2019).

counsel for indigent parties, regardless of the substance of their claims. *See* 28 U.S.C. § 1915(e)(1). The standards governing appointment are, broadly, similar. *See Shepard v. Sec'y, U.S. Dept. of Veterans Affairs*, 2018 WL 7077075, at *4 (N.D. Ga. Oct. 23, 2018); *Hudson v. Tyson Foods, Inc.*, 2016 WL 11655175, at *1 (M.D. Ga. Sept. 20, 2016). Moreover, the Eleventh Circuit has advised that counsel should be appointed, under either statute, "only in exceptional circumstances." *See Dominguez v. Lake Como Club*, 520 F. App'x 937, 941-42 (11th Cir. 2013) (discussing appointment of counsel pursuant to § 2000e-5(f)(1)); *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014). The Court, therefore, considers whether appointment is appropriate under the more general rubric of § 1915(e)(1).

Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be

8

appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). McElroy has presented "the essential merits of his position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. McElroy's motion is, therefore, **DENIED**. Doc. 7.

"[F]ederal judges enjoy absolute immunity for acts performed in their judicial capacity." *Williams v. Land*, 849 F. App'x 902, 903 (11th Cir. 2021) (citing *Stevens v. Osuna*, 877 F.3d 1293, 1301-02, 1304-07 (11th Cir. 2017). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A judge's act is 'judicial' for purposes of immunity when the act is one normally performed by judges and the complaining party was dealing with the judge in his judicial capacity." *Williams*, 849 F. App'x at 903 (internal quotation marks, alterations, and citation omitted). Immunity is a

necessary component of the legal system because, "[a] judge must decide all cases before him, including cases that are controversial and may arouse intense feelings in the litigants. [Cit.] Although a judge's error may be corrected on appeal, he should not have to fear that unsatisfied litigants may pursue litigation charging malice or corruption, which would not promote principled or fearless decision-making." *Grant v. Sheriff of Okeechobee Cnty.*, 2023 WL 2416262, at *2 (11th Cir. Mar. 9, 2023) (citations omitted). Claims against judges for actions that are clearly within their judicial capacity are properly dismissed as frivolous. *See, e.g., Austin v. Judge*, 851 F. App'x 173, 175 (11th Cir. June 23, 2021) (claims based on judges' "entry of orders" in cases to which they were assigned were "patently frivolous" and "without arguable merit"); *Burlison v. Angus*, 737 F. App'x 523, 524 (11th Cir. 2018) ("[T]he district court did not abuse its discretion when it concluded that [plaintiff's] complaint was patently frivolous because its central claim was obviously barred by judicial immunity . . . .").

There is no question that all of the conduct McElroy challenges in this case was taken in defendants' respective judicial capacities. Legal rulings in pending cases are quintessential judicial acts. *See, e.g., Aruca*

10

*v. Allan*, 2022 WL 5089604, at *1 (11th Cir. Oct. 5, 2022) (defendant judge "acted within her judicial capacity because she made a legal ruling in a proceeding in her court."); *Grissom v. Alabama*, 2022 WL 1907604, at *2 (11th Cir. June 3, 2022) (judicial immunity applied "because all of [plaintiff's] allegations . . . relate to quintessential judicial functions undertaken in [defendant's] official capacity: [including] . . . interpreting the law."). McElroy's vague allegations concerning jurisdiction are not sufficient to alter the character of the alleged conduct. *See Aruca*, 2022 WL 5089604, at *1 (plaintiff's "assertion that [defendant judge] lacked subject-matter jurisdiction . . . is insufficient to render [the judge's] action outside her judicial capacity, even if [plaintiff] is correct on the jurisdictional point."). Since all of McElroy's allegations against the defendants obviously concern only actions taken in their respective judicial capacities, it should be **DISMISSED** as frivolous. Doc. 1.

McElroy has also moved for default judgment in this case. *See* doc. 10. The Federal Rules of Civil Procedure require a plaintiff seeking a default judgment to follow a two-step process. *See* Fed. R. Civ. P. 55. The first step in that process is to seek an entry of default. *See* Fed. R. Civ. P. 55(a). Entry of default is warranted "[w]hen a party against whom a

11

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." *Id.* As a prominent treatise explains: "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Fed. Prac. & Proc. § 2682 (4th ed. Apr. 2022). As this Court has explained, "[a] defendant's obligation to respond does not arise . . . until he has been served with the summons and complaint or has waived service." *Carswell v. Whittle*, 2012 WL 6084649, at*1 (S.D. Ga. Oct. 24, 2012). It is, therefore, clear that entry of default is only proper against a defendant who has been properly served. *Id.* (citing, *inter alia.*, *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("[W]here, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.")). Since there is no indication that any defendant has

been served in this case, McElroy's request for a default judgment should be **DENIED**.  Doc. 10.

In summary, McElroy's latest attempt to circumvent the dismissals of his 2016 cases should, once again, be dismissed.  His request to proceed *in forma pauperis* is **GRANTED**.  Doc. 2.  His motions requesting recusal of the undersigned are **DENIED**.  Docs. 5 & 6.  His Motion to Appoint Counsel is **DENIED**.  Doc. 7.  His "Motion for Entry for Default Judgment" should be **DENIED**.  Doc. 10.  His Complaint should be **DISMISSED** as frivolous.  Doc. 1.  If the District Judge adopts that recommendation, McElroy's motion for service by the United States Marshal should be **DENIED** as moot.  Doc. 8.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA