UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TODD MCELROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-038 |
| ) | |
| U.S. DISTRICT JUDGE ) | |
| R. STAN BAKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 12), to which Plaintiff has filed an Objection, (doc. no. 13). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge's Report and Recommendation explained that McElroy's Complaint is the latest in a series of cases he has filed objecting to the disposition of two suits he filed in 2016. (Doc. no. 12 at 1-2 (citations omitted).) The Magistrate Judge explained, further, that the current suit against various judges who presided over his cases is barred by their judicial immunity. (Id. at 9-11.) As the Report and Recommendation points out, "federal judges enjoy absolute immunity for acts performed in their judicial capacity," Williams v. Land, 849 F. App'x 902, 903 (11th Cir. 2021), and "[l]egal rulings in pending cases are quintessential judicial acts," (doc. no. 12 at 10-11 (citing Aruca v. Allan, 2022 WL 5089604, a t *1 (11th Cir. Oct. 5, 2022); Grissom v. Alabama, 2022 WL

1907604, at *2 (11th Cir. June 3, 2022).) Since the allegations in McElroy's Complaint are limited to actions taken by the various defendants in their judicial capacities, the Magistrate Judge recommended dismissal. (Id. at 11.)

McElroy's Objection summarizes laws prohibiting discrimination on the basis of disability. (See doc. no. 13 at 1.) It includes "a list of U.S. Supreme Court cases involving the rights of disabled persons and disability discrimination." (Id. at 2-4 (citations omitted).) The Objection identifies no defect in the Magistrate Judge's reasoning and does not dispute his construction of the focus of McElroy's allegations. (See generally id.) Liberally construed, McElroy's summary of disability-discrimination law might assert that the dismissal of his prior cases, somehow, constituted discrimination. However, simply recharacterizing his disagreement with the defendant's rulings in his prior cases as "discriminatory" does not alter the fundamental fact that those rulings, whether or not they were correct, are clearly acts taken in the defendants' judicial capacities. As such, they are immune from any claim for damages arising out of those acts, regardless of the purported legal framework.

As the Eleventh Circuit has recently emphasized, judges "must decide all cases . . . , including cases that . . . arouse intense feelings in the litigants[,]" but they "should not have to fear that unsatisfied litigants may pursue litigation," based on those decisions. Grant v. Sheriff of Okeechobee Cnty., 2023 WL 2416262, at *2 (11th Cir. Mar. 9, 2023). The Court agrees with the Magistrate Judge's determination that McElroy's Complaint is barred by the defendants' judicial immunity. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. no. 12.) McElroy's Complaint is **DISMISSED**. For the reasons explained in the Report and Recommendation, McElroy's Motion for Default Judgment is also **DENIED**. (Doc. no. 10.) His Motion for Service by the United States

Marshal is **DISMISSED** as moot. (Doc. no. 8.). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA